Kenneth R. Davis, II, OSB No. 97113
davisk@lanepowell.com
**LANE POWELL PC**
601 S.W. 2nd Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
　　　Attorneys for Plaintiff Acushnet Company

**Harley I. Lewin, Esq.**
lewinh@gtlaw.com
**GREENBERG TRAURIG LLP**
200 Park Avenue
New York, NY 10166-1400
Telephone: (212) 801-2100
Facsimile: (212) 688-2449

**Katherine Compton, Esq.**
comptonk@gtlaw.com
**GREENBERG TRAURIG LLP**
Galleria Tower Three
13155 Noel Road, Suite 600
Dallas, TX 75240
Telephone: (972) 419-1286
Facsimile: (972) 419-1251
　　　Of Counsel for Plaintiff Acushnet Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

'05-764 HU

| | |
|---|---|
| ACUSHNET COMPANY, a Delaware corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>G.I. JOE'S, INC., an Oregon corporation; JOHN DOES 1-100 and XYZ CORPORATIONS 1-100,<br><br>　　　　　　　　　　　Defendants. | CV No. _____<br><br>[~~PROPOSED~~] TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION<br><br>FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 AND LR 3.8 |

PAGE 1 - TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Acushnet Company ("Plaintiff"), having moved *ex parte* against Defendants G.I. Joe's, Inc., John and Jane Does 1-100 and XYZ Corporations 1-100 (collectively, the "Defendants"), for a temporary restraining order, order to show cause for preliminary injunction, order sealing file and order expediting discovery pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that the Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of the Plaintiff's federally registered trademarks, trade names and/or logos as set forth in the Plaintiff's Complaint in this action (collectively, the "Titleist Marks"), which are owned and controlled by the Plaintiff, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds:

1. The Plaintiff is likely to succeed in showing that the Defendants have used and are continuing to use counterfeits or infringements of the Titleist Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including golf balls (the "Counterfeit Products");

2. The manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of the Counterfeit Products will result in immediate and irreparable injury to the Plaintiff if a temporary restraining order does not issue;

3. The Defendants, or other persons acting in concert with the Defendants, would likely destroy, move, hide or otherwise make the Counterfeit Products and business records relating thereto inaccessible to the Court if the Plaintiff proceeded on notice to the Defendants,

PAGE 2 - TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

707750.0001/517372.1

LANE POWELL PC
601 S.W. 2ND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

thus frustrating the ultimate relief the Plaintiff seeks in this action;

4.  The harm to the Plaintiff from denial of the requested *ex parte* restraining order outweighs the harm to the Defendants' legitimate interests against granting such an order;

5.  The Plaintiff has provided the United States Attorney General with reasonable notice of this application for an *ex parte* order;

6.  The Plaintiff has demonstrated that the location(s) at which the Defendants are offering for sale and/or selling the Counterfeit Products and are likely to be holding the business records relating thereto; and

7.  Entry of an order other than an *ex parte* order would not adequately achieve the purposes of the Lanham Act to preserve the Plaintiff's remedies for trademark counterfeiting, including, *inter alia*, destruction of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to the Plaintiff of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that the Defendants, including G.I. Joe's, Inc., John and Jane Does 1-100, and XYZ Corporations 1-100, appear to show cause on June 3, 2005 at 1:30 a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom 13A, in the United States District Court for the District of Oregon, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting the Plaintiff a preliminary injunction as follows:

Restraining and enjoining the Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, during the pendency of this action, from:

PAGE 3 - TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

707750.0001/517372.1

LANE POWELL PC
601 S.W. 2ND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

a) Using in any manner the Titleist Marks, alone or in combination with any word or words which so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Acushnet's or, not authorized by Acushnet to be sold in connection with the Titleist Marks;

b) Passing off, reverse passing off, inducing, or enabling others to sell or pass of any product that are not genuine Acushnet merchandise as and for genuine products produced by Acushnet, under the Titleist Marks;

c) Committing any acts calculated to cause purchasers to believe that Defendants' products are genuine Acushnet merchandise unless they are those sold under the control and supervision of Acushnet, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Acushnet;

d) Further diluting and infringing any and all Titleist Marks and damaging Acushnet's goodwill;

e) Shipping, delivering, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Acushnet, not authorized by Acushnet to be sold or offered for sale, and which bear the Titleist Marks; and

IT APPEARING to the Court that the Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of this Court:

IT IS FURTHER ORDERED, that pending the hearing on the Plaintiff's application for preliminary injunction, the Defendants, including G.I. Joe's, Inc., John and Jane Does 1-100 and XYZ Corporations 1-100, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

(a) committing any of the acts set forth in subparagraphs (a)-(e) above;

707750.0001/517372.1

LANE POWELL PC
601 S.W. 2ND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

(b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the Titleist Marks, or any reproduction, counterfeit, or copy or colorable imitation thereof; and

(c) removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing the Titleist Marks or any reproduction, counterfeit, copy or colorable imitation thereof; and

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and

IT IS FURTHER ORDERED, that the Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for the Plaintiff by delivering copies thereof to the offices of counsel for Acushnet no less than two (2) days in advance of the hearing to show cause as set forth above, with any reply by the Plaintiff to be filed and served at the hearing; and

IT IS FURTHER ORDERED, that discovery herein may begin immediately and the Plaintiff be permitted, immediately after service of the Court's order, to inspect and copy the Defendants' records of the purchase, manufacture, importation, exportation, distribution, advertising, marketing, offer for sale and sale of Counterfeit Products, as well as serve discovery

PAGE 5 - TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

707750.0001/517372.1

LANE POWELL PC
601 S.W. 2ND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

requests pursuant to Fed. R. Civ. P. 33 and 34, to be answered within two (2) business days of service, and thereafter, to take depositions of the persons responsible for the Defendants' business; and

IT IS FURTHER ORDERED, that any records or information obtained through the aforementioned discovery shall be subject to a protective order whereby access thereto shall be initially restricted to Plaintiff's counsel, the Defendants and the Defendants' attorneys of record, who shall all be permitted to inspect and copy such records, and such records shall be copied and the copies returned to the Defendants within five (5) business days of the date that this Order is executed. The protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the Order to Show Cause, unless extended by Court Order, so that such hearing and thereafter the contents of such records, may be revealed, unless otherwise ordered by this Court; and

IT IS FINALLY ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the clerk shall remove the seal.

The Defendants are hereby given notice that failure to attend the hearing scheduled herein shall result in the immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the within temporary restraining order, and shall otherwise extend for the pendency of this litigation, with relief upon the same terms and conditions as comprise this temporary restraining order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such preliminary

PAGE 6 - TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

707750.0001/517372.1

LANE POWELL PC
601 S.W. 2ND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

Signed on this 27 day of May, 2005.

*[signature]*
United States District Judge

Submitted by:

LANE POWELL PC
    Kenneth R. Davis, II, OSB No. 97113
    Telephone: (503) 778-2100

GREENBERG TRAURIG LLP
    Harley I. Lewin
    Telephone: (212) 801-2100
    Katherine Compton
    Telephone: (972) 419-1286

Of Counsel for Plaintiff Acushnet Company

PAGE 7 - TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

707750.0001/517372.1

**LANE POWELL PC**
601 S.W. 2ND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200